**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eduardo GARCIA–CAVAZOS,**
**Defendant–Appellant.**

**No. 05–41456.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Eduardo Garcia–Cavazos challenges his guilty-plea conviction and sentence for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Garcia–Cavazos's argument that his prior burglary conviction in Texas does not qualify as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) has been rejected by

382

this court. *See United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006). Garcia–Cavazos's argument that this court did not properly apply the categorical analysis of *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), is tantamount to arguing that *Garcia–Mendez* was wrongly decided. *Garcia–Mendez* resolved the issue raised in this case; one panel of this court may not ignore the precedent set by a prior panel. *United States v. Ruiz,* 180 F.3d 675, 676 (5th Cir.1999).

Garcia–Cavazos also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia–Cavazos contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garcia–Cavazos properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for review by the Supreme Court.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.